COREY CARTER (CA # 269611) *(Pro Hac Vice)*
CARTER LAW FIRM, APC
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Tel: (323) 825 - 5529
Fax: (323) 450-2222
Email: corey@themainstreetattorney.com
Attorney for Plaintiff

SHAWN R. PEREZ, ESQ., #164228
7121 West Craig Rd., #113-38
Las Vegas, NV 89129
Shawn711@msn.com
P: (949) 492-9545
F: (702) 442-7095
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS PAALUHI, an individual<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, a public entity, HIGH DESERT STATE PRISON, a public entity, Warden CALVIN JOHNSON, an individual, Associate Warden JAMES SCALLY, an individual, and DOES 1-15<br><br>Defendants. | Case No. 2:23-cv-01980-CDS-EJY<br><br>[Assigned to Judge Cristina D. Silva]<br><br>DISCOVERY PLAN AND STIPULATED SCHEDULING ORDER IN CONFOMIRTY WITH LR 26-1<br><br>Case Filing Date:    11/30/2023 |

**TO THE HONORABLE COURT AND TO ALL COUNSEL OF RECORD:**

In accordance with Local Rule 26-1, Federal Rule of Civil Procedure ("FRCP") 26(f), Plaintiff Marcus Paaluhi ("Plaintiff") for his Complaint against NEVADA DEPARTMENT OF CORRECTIONS, a public entity, HIGH DESERT STATE

PRISON, a public entity, Warden CALVIN JOHNSON, an individual, Associate Warden JAMES SCALLY, an individual, and DOES 1-15, ("Defendants") and Defendants, through their respective counsel of record, respectfully submit the following Joint Rule 26(f) Report. On 10/30/2024 at 2:00PM, counsel for Plaintiff and Defendants conferred telephonically and discussed the matters required by FRCP Rule 26(f) and Local Rule 26-1.

A.  **Statement of the Case.**

Plaintiff alleges the following: In or around August 2021, Plaintiff was placed in administrative segregation at HDSP. Plaintiff remained in administrative segregation until approximately December 1, 2022. These conditions imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff alleges that the named Defendants were instrumental in imposing and continuing the conditions of confinement experienced by Plaintiff, particularly the inability to have or participate in a meaningful review of continued segregation. ECF No. 1, Complaint, ¶ 71.

Additionally, On November 8, 2021, at approximately 10:00 AM, PLAINTIFF accidentally fell off his bunk in HDSP, resulting in multiple broken bones in his right, dominant hand. Defendants were deliberately indifferent to Plaintiff's medical needs causing unnecessary pain, as well as delay leading to lasting pain and lack of full functionality. Plaintiff alleges Defendant Scally was deliberately indifferent in meeting their obligation to provide medical care because he had actual knowledge of Paaluhi's injury yet denied Paaluhi access to medical care. Defendant Johnson was deliberately indifferent because he had actual knowledge of the staffing and medical deficiencies that caused delays and denials of medical care access to Paaluhi.

Plaintiff is seeking redress under the following causes of action:

    1.  Deliberate indifference to medical care in violation of the 8th and 14th amendment

        2.    Violation of Plaintiff's Due process rights under the 8th and 14th amendment with regard to administrative segregation

The Defendants deny Plaintiff's allegations and claim that their conduct was lawful and reasonable given the totality of the circumstances.

    **B.**    **Local Rule 26-1 Requirements.**

    1) Discovery Cut-off Date.

The parties propose May 23, 2025

    2) Amended Pleading deadline.

The parties propose March 28, 2025

    3) Expert disclosure deadlines.

        Initial disclosure:    June 18, 2025

        Rebuttal disclosure:    July 2, 2025.

        Expert discovery cut-off: July 16, 2025.

    4) Dispositive Motions.

There is a pending motion to dismiss filed on May 3, 2024, Docket no.: 17. Defense also anticipates filing a Motion for Summary Judgment.

    5) Pretrial Order.

As Stated above, there is a pending dispositive motion, but the parties area ready to proceed with discovery.

    6) FRCP 26(a)(3) Disclosures:

Timing and substance to be consistent with the FRCP.

    7) Alternative Dispute Resolution.

Mediation conference through court. The parties will contact the court to ask for the conference after the ruling on Defendant's Motion to Dismiss.

    8) Alternative Forms of Case Disposition.

The parties don't stipulate to a magistrate.

9) <u>Electronic Evidence</u>

The parties anticipate using electronics to present evidence (i.e. PDF exhibits published to the jury through technology).

10) <u>No changes need to be made from FRCP 26(a)</u>

No changes to disclosures under FRCP 26(a) should be made other than dates specifically enumerated in the attached scheduling conference worksheet. Initial disclosures are forthcoming. The Parties will ask the court to enter a protective order facilitating the exchange of sensitive information.

11) <u>Protective Order</u>

The parties are negotiating a protective order and anticipate filing a stipulation requesting the court to enter one in this case.

I, Corey A. Carter, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CARTER LAW FIRM, APC**

DATED: November 13, 2024

By: /s/ Corey Carter
Corey Alan Carter, Esq.
Attorney for Plaintiff

**IT IS SO ORDERED.**

_____
U.S. MAGISTRATE JUDGE

Date:  November 13, 2024

**AARON D. FORD, ATTORNEY GENERAL**

By: /s/ Rudolf M. D'Silva
RUDOLF M. D'SILVA (Bar No. 16227)
Deputy Attorney General