UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marcus Paaluhi,<br><br>            Plaintiff<br><br>   v.<br><br>Calvin Johnson, et al.,<br><br>            Defendants | Case No. 2:23-cv-01980-CDS-EJY<br><br>**Order Granting Defendants Johnson and Scally's Motion to Dismiss and Ordering Plaintiff to Show Cause**<br><br>[ECF No. 17] |

Plaintiff Marcus Paaluhi seeks relief under 42 U.S.C. § 1983 for alleged civil rights abuses he experienced while incarcerated at High Desert State Prison (HDSP). Compl., ECF No. 1. This action was originally filed against Nevada Department of Corrections (NDOC), HDSP, HDSP Warden Calvin Johnson, and HDSP Associate Warden James Scally, as well as Does 1 to 15 (ECF No. 1 at 1–2) but Paaluhi has since voluntarily dismissed his claims against NDOC and HDSP (ECF No. 19). Defendants Johnson, Scally, and NDOC filed a motion to dismiss prior to NDOC's dismissal. Mot., ECF No. 17. The motion to dismiss claims by Johnson and Scally remains.[1] Because Paaluhi fails to provide sufficient factual allegations to support his claims against Johnson and Scally, I grant the motion to dismiss without prejudice and direct the parties to a settlement conference.

**I.      Background[2]**

Paaluhi alleges that he was placed in administrative segregation at HDSP in or around August 2021. ECF No. 1 at 4. Paaluhi remained in administrative segregation until approximately December 1, 2022. *Id.* Paaluhi claims the conditions of confinement in administrative segregation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* Specifically, he alleges that he was confined to his cell for twenty-three to twenty-four hours

---

[1] The motion is fully briefed. *See* Resp., ECF No. 18; Reply, ECF No. 21.
[2] Unless otherwise noted, the court only cites to the plaintiff's complaint to provide context to this action, not to indicate a finding of fact.

per day "and permitted limited 'yard' time during which they were confined to their own 8x8 cage with no contact with other prisoners;" he received shower time only once every three days; "assignment to administrative segregation at HDSP always resulted in a minimum of 6 months regardless;" and he had no ability to "have or participate in a meaningful review of continued segregation[.]" *Id.* at 4–5.

Paaluhi alleges that on November 8, 2021, he accidently fell off his bunk resulting in multiple broken bones in his right, dominant hand. *Id.* at 5. He states that two officers examined his hand after the fall and saw it was "visibly broken, swollen and disfigured." *Id.* The officers reported Paaluhi's injury to Doe 1, who is identified in the complaint as "Nurse Nick". *Id.* at 3, 5. However, Nurse Nick refused to medically treat Paaluhi despite being called three times and after "two officers expressed their personal concerns to him of what they felt was a serious injury." *Id.* at 5. That evening, Paaluhi filed an emergency grievance and shortly thereafter received a response stating, "Medical will come check your injury." *Id.* at 5–6. Two hours later, during "pill call," Nurse Nick saw Paaluhi's hand and informed him that there was no X-ray technician at night, so he would be escorted to medical in the morning. *Id.* at 6. However, Paaluhi did not receive an X-ray the following day, even after two different nurses, [Doe 2 and Doe 3] promised during pill call to give [Paaluhi] medical care." *Id.* Paaluhi filed an informal grievance on or about November 10, 2021. *Id.* He did not receive an X-ray until two weeks later. *Id.* During this time Paaluhi allegedly did not receive any pain medication, nor did he receive pain medication after the X-ray confirmed Paaluhi's injury, despite asking multiple nurses. *Id.* He alleges that during the two weeks in which he did not receive medical care, he was unable to sleep or use the bathroom without pain and discomfort, and consistently sweated. *Id.* at 7.

Paaluhi alleges that "Scally had actual knowledge of [Paaluhi]'s injury yet denied [Paaluhi] access to medical care." *Id.* at 6. He also alleges that "Johnson failed to fulfill his responsibilities and adequately hire and maintain the necessary minimum of qualified professional medical staff to meet the needs of HDSP's population and [Paaluhi]" and "Johnson

had actual knowledge of the staffing and medical deficiencies that caused delays and denials of medical care access to [Paaluhi]." *Id.* at 6–7. Paaluhi's hand still does not have "the full level of functionality it had prior to the untreated injury" and still causes him pain and discomfort. *Id.* at 8.

Paaluhi's claims against Johnson and Scally are that (1) his Eighth and Fourteenth Amendment rights were violated because Johnson and Scally were deliberately indifferent to his serious medical need for not timely ensuring he had access to treatment and (2) his Eighth and Fourteenth Amendment rights were violated because Johnson and Scally were instrumental in imposing and continuing the conditions of Paaluhi's confinement, "particularly the inability to have or participate in a meaningful review of continued segregation." *Id.* at 8–10.

## II.    Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint does not have to contain "detailed factual allegations," but must contain more than an unadorned "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal citations omitted) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### III.     Discussion

#### A. Paaluhi's conditions of confinement

In their motion to dismiss, Johnson and Scally argue that because (1) Paaluhi does not allege that they participated in his confinement, (2) Paaluhi fails to allege the deprivation of any liberty interest, and (3) any violation of Paaluhi's rights was not clearly established, his claim against them should be dismissed. ECF No. 17 at 6–8. Because Paaluhi fails to state a sufficient claim, I grant the motion and do not make a determination as to qualified immunity.

First, Johnson and Scally argue that because Paaluhi does not allege that they were "personally involved" in his confinement and deprivation of meaningful review, his claim should be dismissed. ECF No. 17 at 6–7. This is a mischaracterization of the law. It is true that "[v]icarious liability may not be imposed on a supervisor for the acts of lower officials in a § 1983 action." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)). However, "a prison official in a supervisory position may be held liable under § 1983 if he was personally involved in the constitutional deprivation **or a sufficient causal connection exists between his unlawful conduct and the constitutional violation.**" *Id.* at 1085 (citing *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)) (emphasis

added). Such causal connection may include "[the supervisors'] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) [their] conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). Therefore, Paaluhi need not allege that Johnson and Scally were personally involved to maintain this action against them.

Johnson and Scally's second argument, though, is persuasive. *See* ECF No. 17 at 7 ("Paahluhi provides a conclusory allegation[.]"). To survive a motion to dismiss, a complaint must allege sufficient facts—and not mere conclusions—that support the claims within. *See Twombly*, 550 U.S. at 555. Paaluhi's complaint alleges that Johnson and Scally violated his constitutional rights "because they were instrumental in imposing his inability to have or participate in a meaningful review of his continued segregation in administrative segregation." ECF No. 1 at 9. Moreover, he attributes this same allegation to not only Johnson and Scally, but also Does 8–15, who he does not otherwise identify in the complaint aside from being other employees of HDSP. ECF No. 1 at 3, 9.

This is a conclusion with no attendant facts to support it. Paaluhi's response provides no further clarification to this point, quoting *Lemire* and simply repeating that "Plaintiff pleads the named Defendants were instrumental in imposing and continuing the conditions of confinement experienced by Plaintiff, particularly the inability to have or participate in a meaningful review of continued segregation[,]" before moving on. Without any alleged factual basis for this claim, I find that Paaluhi has failed to sufficiently state a claim that Johnson and Scally violated his due process rights with regard to administrative segregation. However, because it is not clear that the deficiencies of the complaint cannot be cured by amendment, Johnson and Scally's motion to dismiss is granted without prejudice and with leave to amend.

### B. Paaluhi's medical care

In their motion to dismiss, Johnson and Scally argue that because (1) Paaluhi does not allege that they personally participated in his medical care and only makes conclusory statements and (2) any violation of Paaluhi's rights was not clearly established, his claim against them should be dismissed. ECF No. 17 at 3, 9. Because Paaluhi fails to state a sufficient claim, I grant the motion and again do not make a determination as to qualified immunity.

Although, as previously discussed, the "personal participation" argument is not persuasive based on *Lemire*, I agree with Johnson and Scally that Paaluhi's claims against them are conclusory. Regarding Scally, Paaluhi alleges "Scally had actual knowledge of [Paaluhi]'s injury yet denied [him] access to medical care." ECF No. 1 at 6. Paaluhi alleges no factual basis for this statement; he does not explain how Scally knew or how Paaluhi was aware of that fact. Without anything more, Paaluhi has failed to sufficiently state his claim against Scally.

Although he provides more information regarding Johnson, alleging that Johnson "failed to fulfill his responsibilities and adequately hire and maintain the necessary minimum of qualified professional medical staff to meet the needs of HDSP's population and [Paaluhi,]" this is still insufficient. *See* ECF No. 1 at 6–7. Paaluhi does not allege any facts to support this conclusory allegation and does not even allege with clarity that Johnson is responsible for hiring HDSP's medical staff. This is little more than a recitation of the rule that a supervisor can be held responsible for their own "culpable action or inaction in the training, supervision, or control of subordinates[.]" *Cunningham*, 229 F.3d at 1292. The complaint equally applies the remaining allegations related to Paaluhi's medical care to Scally and Does 1 to 7 as much as it does to Johnson. ECF No. 1 at 8–9.

Because Paaluhi has provided nothing but conclusory statements about Johnson's and Scally's involvement in the denial of his medical care, I dismiss the claim against each of them. However, because it is not clear that the deficiencies of the complaint cannot be cured by

amendment, this claim against Johnson and Scally is dismissed without prejudice and with leave to amend.

### C. Does 1–15

The use of "John Doe" to identify a defendant is generally disfavored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968)). However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. *Id.* In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (citations omitted). This case was filed on November 30, 2023, more than a year ago (ECF No. 1), and a discovery plan is now place (ECF No. 26). In that time, Paaluhi has not identified any of the fifteen Doe defendants that he alleges violated his constitutional rights. **Paaluhi is therefore ordered to show cause no later than January 17, 2025**, as to what efforts he is making to identify these individuals and if additional time is needed to make such identification, and explain why this court should not dismiss the claims against Does 1 to 15 for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## IV. Conclusion

IT IS THEREFORE ORDERED that defendants Johnson and Scally's motion to dismiss **[ECF No. 17] is GRANTED**. Paaluhi's claims against Johnson and Scally are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that should Paaluhi choose to file an amended complaint, he must do so no later than January 17, 2025. In the event an amended complaint is filed, this matter is referred to the magistrate judge for a settlement conference.

IT IS FURTHER ORDERED that Paaluhi must show cause no later than January 17, 2025, as to (1) what efforts he is making to identify Does 1 to 15 individuals and (2) why his claims against Doe defendants 1 to 15 should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Alternatively, Paaluhi may file an appropriate dismissal for the Doe defendants.

Dated: December 23, 2024

_____
Cristina D. Silva
United States District Judge